UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :
HENNESSEE GROUP LLC,                                             :
                                                                 :
                                          Plaintiff,             :   Case No. 07 Civ. 7723 (SHS)
                                                                 :
                                                                 :
              - against -                                        :
                                                                 :
RICHARD ROGEL,                                                   :
                                                                 :
                                          Defendant.             :
                                                                 :
-----------------------------------------------------------------x


**DECLARATION OF ROBERT C. SENTNER IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS OR STAY THE COMPLAINT IN FAVOR OF ARBITRATION**










EXHIBIT A

Agreement Between
Hennessee Group LLC;
And _____ (Client)

# INVESTMENT ADVISORY AGREEMENT

## (WITH NON-DISCRETIONARY AUTHORITY)

This agreement is a non-discretionary investment advisory agreement ("Agreement") between _Richard Rogel_ ("Client") and Hennessee Group LLC ("Hennessee" also "Investment Adviser") with an office at 500 Fifth Avenue, New York, New York 10110.

## SECTION I: PARTIES AND PURPOSE

Client desires to invest in hedge funds and has retained Hennessee as a non-discretionary Investment Adviser for the sole purpose of providing advice to Client concerning investments in one or more private investment partnerships (each a "Hedge Fund" and collectively, the "Portfolio"). These services include the initial selection of Hedge Funds and ongoing monitoring of the performance of the Portfolio and are specified in more detail in Section II below.

Client understands that neither Hennessee nor its representatives will exercise any discretionary authority with respect to the selection of Hedge Funds, the allocation of Client assets among asset classes, or any decision as to the timing of entry or exit to/from a Hedge Fund; or the administration of monies between Client and any Hedge Fund. Client will have sole responsibility for these decisions and actions.

Client agrees to notify Hennessee promptly, in writing, of any significant change in Client's investment objectives, or if any significant change to Client's financial profile should occur, or if Client has any concerns about the Portfolio's structure pursuant to Section II(a) hereof or concerns regarding the Portfolio's financial performance. Client agrees to provide Hennessee with relevant information about Client's financial profile for use by Hennessee to gain a sufficient understanding of Client's investment objective and to provide proper advice to Client on the use of Hedge Funds to meet Client's overall objectives.

## SECTION II: HEDGE FUND ADVISORY SERVICES

Hennessee agrees to provide the following advisory services:

(a) <u>Structuring Services.</u>

Hennessee will perform a search, evaluation and introduction services (collectively, "Structuring Services") and introduce Client to one or more Hedge Fund(s) that Hennessee reasonably believes would be appropriate investment vehicles for Client to use based upon the investment objectives of Client, as specified by Client orally or in writing. Included in the Structuring Services, Hennessee (at the request of Client) will evaluate any Hedge Fund(s) identified by Client as being of interest.

Agreement Between
Hennessee Group LLC;
And_____(Client)

(b) Ongoing Services.

(i) Hennessee will monitor the performance of the Portfolio selected by Client and provide continuous and ongoing Hedge Fund investment advice.

(ii) Representatives of Hennessee will also be available to confer with Client periodically to provide investment advice on the Portfolio.

(iii) Client may also request Hennessee to evaluate and provide Ongoing Services, pursuant to Section II(b) hereof, with respect to pre-existing hedge fund investments made by Client. With respect to such investments, Client shall pay the Monitoring Fee pursuant to Section IV(b) hereof, but shall not be obligated to pay a Structuring Fee pursuant to Section IV(a) hereof.

SECTION III: RETAINER FEE

~~Client will pay Hennessee a fee to secure the services of Hennessee ("Retainer Fee") of $30,000 upon the execution of this Agreement. The Retainer Fee will be applied against the Structuring Fee provided for in Section IV(a) hereof. Any monies from the Retainer Fee not applied after one year from the date the Retainer Fee is paid to Hennessee will be refunded to Client.~~

SECTION IV: COMPENSATION

(a) Structuring Fee.

As compensation for the Structuring Services provided pursuant to Section II(a) of this Agreement, Hennessee shall be entitled to receive an annual fee ("Structuring Fee") based upon the value of Covered Hedge Fund(s) (as hereinafter defined) included in the Portfolio, adjusted for any additions or redemptions from any of the Covered Hedge Fund(s). The annual Structuring Fee due is set forth by Exhibit F attached.

The value of Client's investments for any given year will be the value of Client's investments with the Covered Hedge Fund(s) as of January 1 of such year, determined on the basis of the account statements provided by the Hedge Fund. New investments and additions to or redemptions from existing investments that take place after January 1 in any given year will generate a Structuring Fee due Hennessee on a prorated basis based on a 365 day year.

If Hennessee introduces Client to a Hedge Fund(s) ("Introduction") and subsequent to such Introduction(s) Client chooses not to invest in the Hedge Fund(s) at that time, but does invest with such Hedge Fund(s) within three years of such Introduction, the Structuring Fee will be due as set forth by Exhibit F.

An investment by Client in a Hedge Fund will be included in the Portfolio and such Hedge Fund will be a "Covered Hedge Fund" if Hennessee is responsible for causing the Hedge Fund to forward to Client the offering memorandum for the Hedge Fund and/or Hennessee provides information

either to the manager and/or Client which is employed to establish an investment relationship between Client and the Hedge Fund. Hedge Funds will also be included in the Portfolio and deemed to be a "Covered Hedge Fund" if Client makes an investment based upon research, or analysis, or due diligence performed with respect to the Hedge Fund at the request of Client, even if Client brought the manager to the attention of Hennessee.

Client shall continue to pay the Structuring Fee for so long as Client maintains an investment with a Covered Hedge Fund. Hedge Funds shall be added to the Portfolio and Client shall be required to pay Structuring Fees with respect to such investment if an investment is made in a Hedge Fund at any time within three years of the date of the Introduction, regardless of whether this Agreement is then otherwise in effect.

(b)   Monitoring Fee.

In consideration of the Ongoing Services provided pursuant to Section II(b) hereof, Client shall be obligated to pay an annual monitoring fee ("Monitoring Fee") as set forth by Exhibit F determined in the same manner as the Structuring Fee pursuant to Section IV(a) hereof.

## SECTION V:  ADJUSTMENT FOR HEDGE FUND REBATES AND DIRECTED COMMISSIONS

Client, at its option, may compensate Hennessee for the Structuring Fee and Monitoring Fee (together, "Annual Consultant Fee"), in cash, or may cause the general partner or the Hedge Fund in which Client invests pursuant to this Agreement to provide fee rebates ("Rebate(s)") and/or use one or more broker-dealers designated, from time to time, by Hennessee for execution of security transactions for such Hedge Fund ("Directed Commissions"). The amount of Structuring Fee and Monitoring Fee due pursuant to Section IV will be reduced (but not below zero) by the amount of such Rebates; or Directed Commissions actually credited to Hennessee by such designated broker-dealers (ie. net of any execution and clearing expense). If a credit balance occurs, it will be credited to the manager and will be applied to future Compensation owed Hennessee; or applied to execution and clearing services provided by WPG for which Hennessee will receive compensation as agreed to by Hennessee and the general partner.

Hennessee agrees to use its best efforts to assist Client to cause the general partner or the Hedge Fund to provide Rebates or Directed Commissions for the purpose of satisfying the Annual Consultant Fee due Hennessee from Client.

Client agrees to provide a copy to Hennessee of all notices made by Client to Hedge Fund(s) pursuant to this Agreement regarding the addition to or redemption by Client of investment(s) in Covered Hedge Fund(s). Client has executed Exhibit E attached and has authorized Hennessee to furnish Exhibit E to all Hedge Funds comprising the Portfolio for which a Structuring Fee and/or Monitoring Fee is due pursuant to this agreement, for the purpose of full disclosure where Directed Commissions or Rebates will be the method of Compensation.

Agreement Between
Hennessee Group LLC;
And_____(Client)

## SECTION VI: ANNUAL FEE PAYMENT

It is contemplated that a major portion of the Annual Consultant Fee can be paid through Rebates and/or Directed Commissions. Notwithstanding such belief, there is no explicit or implicit guarantee that the general partner or the Hedge Fund will provide Rebates or Directed Commissions for the purpose of satisfying all or part of the Annual Consultant Fee due Hennessee (Section IV hereof). At the end of each calendar year, Client will be responsible for compensating Hennessee for any unpaid balance of the Annual Consultant Fee (Section IV hereof), adjusted pursuant to Section III hereof (if applicable). Payment of the unpaid balance will be made by Client to Hennessee within 30 calendar days after receipt of an invoice from Hennessee for the prior year's unpaid balance. Client authorizes Hennessee to contact and obtain confirmations from Hedge Fund managers concerning the status of Client's investment with the Hedge Fund, including additions, withdrawals and the value of Client's account.

## SECTION VII: CONFIDENTIALITY AND USE OF PROPRIETARY INFORMATION

Client understands and agrees to be bound by the provisions of the attached Confidentiality Agreement (Exhibit A attached).

## SECTION VIII: RISK ACKNOWLEDGMENT AND INDEMNIFICATION

Hennessee does not guarantee the future financial performance of the Portfolio or any Hedge Fund, nor does it guarantee that the Hedge Fund(s) selected for investment will individually or collectively meet Client's intended investment objectives. Nothing in this Agreement and nothing in verbal statements made to Client by Hennessee (its principals, employees or affiliates) may be construed by Client as a promise about the outcome of any Client investments made pursuant to this Agreement. Hennessee makes no such promises or guarantees. Comments by Hennessee about the outcome of Hedge Fund investing in general and the Portfolio in specific are expressions of opinion only.

Client understands that Hedge Funds are investments that are subject to various market, currency, economic, political and business risks and that Client's investment decisions made with respect to Client's Portfolio may not always be profitable.

In performing its duties under this Agreement, Hennessee will not take into consideration any other investments or securities owned by Client, other than those disclosed to Hennessee in writing.

Client agrees to indemnify and hold Hennessee harmless from: (a) any liability, expense, judgment, amount paid in settlement or loss incurred as a result of Client's investment in a Hedge Fund for which Hennessee provided any advisory services; or (b) any loss arising from Hennessee's adherence to a Client's written or oral instructions; or (c) any act or failure to act, whether fraudulent or otherwise, by a Covered Hedge Fund manager, its affiliates, assigns, agents, employees or counterparties associated in any way with the Covered Hedge Fund; or (d) any errors or omissions committed by Hennessee, its employees or agents in the discharge of its duties hereunder, unless such errors or omissions constitute gross neglect or willful misfeasance; provided,

however, that this clause shall not relieve Hennessee from any liability imposed by federal or state securities laws or other applicable laws which cannot be waived.

## SECTION IX: TERMINATION

This Agreement may be terminated by either party at any time upon thirty (30) days prior written notice to the other party. Upon such termination, Hennessee shall have no further obligation to perform Ongoing Services pursuant to Section II(b) hereof and shall not be entitled to receive any additional Monitoring Fee pursuant to Section IV(b) hereof. However, Client shall remain liable for the payment of Structuring Fee pursuant to Section IV(a) hereof for any Covered Hedge Fund for so long as Client maintains his/her/its investment with the Covered Hedge Fund. Termination of this Agreement will not affect: (a) the validity of any action previously taken by Hennessee under this Agreement; (b) liabilities or obligations of the parties to the Agreement arising from transactions initiated before termination of this Agreement; or (c) Client's continuing obligations under Sections IV(a), V, VI, VII and VIII hereof.

## SECTION X: AUTHORITY

Client represents that he/she/it has the requisite capacity and authority to enter into this Agreement and that he/she/it is authorized under the terms of any applicable plan, trust, partnership agreement or other governing instrument and by any applicable law to retain Hennessee and to make investments in Hedge Funds.

## SECTION XI: POTENTIAL CONFLICTS OF INTEREST

Client understands that Hennessee and its affiliates perform Hedge Fund Advisory Services (Section II hereof) for various clients and Client agrees that Hennessee and its affiliates may give advice and take actions with respect to any of its other clients which may differ from the timing or nature of the actions taken on behalf of Client. Hennessee will endeavor, to the extent practical, to allocate investment opportunities to Client over a period of time on a fair and equitable basis relative to other clients. Client further understands that Hennessee shall not have any obligation to recommend any Hedge Fund for Client that Hennessee, its principals, affiliates or employees may recommend for any other client or for Hennessee or its own accounts, if in Hennessee's opinion such transaction or investment appears unsuitable, impractical or undesirable for the Client. Client also understands that Hennessee or its affiliates may receive referral fees, directed commissions or other remuneration from the Hedge Fund(s) or its general partner(s) or investment manager for the purpose of reducing the Annual Consultant Fee due Hennessee (Sections IV and V hereof). Client further understands that because of legal and business considerations, Hennessee, in its capacity as Investment Adviser to the Portfolio may not be able to act on material non-public information affecting such Portfolio.

Agreement Between
Hennessee Group LLC;
And_____(Client)

## SECTION XII: ACCREDITED INVESTOR STATUS

Client hereby represents to Hennessee that he/she/it is an "accredited investor" as defined in Securities Act Rule 501(a). Annexed hereto is Exhibit B, on which Client has designated the provision(s) of Rule 501(a) that apply to Client. Client also agrees to complete Exhibit C attached ("Accredited Investor Profile") and Exhibit D attached ("Current Investment Portfolio").

## SECTION XIII: GOVERNING LAW

This Agreement will be governed by and construed in accordance with the laws of the State of New York without giving effect to any conflict or choice of law provisions of that State, provided that nothing in this Agreement will be construed in any manner inconsistent with the Investment Advisers Act, or any rule or order of the Securities and Exchange Commission under the Investment Advisers Act.

## SECTION XIV: ARBITRATION

Any disputes arising under this Agreement or, with respect to its interpretation, shall be submitted to arbitration before a panel of three arbitrators selected under the Rules of the American Arbitration Association and such arbitration shall be conducted in accordance with the commercial arbitration rules of said Association. Each of the parties shall be entitled to select one arbitrator; those two arbitrators shall select the third arbitrator. The ruling of said panel shall be binding in all respects and judgment thereon may be entered in any court having jurisdiction. Nothing in this Agreement shall bind either party to submit any dispute to arbitration with respect to which such party is entitled to have litigated in a court of competent jurisdiction.

## SECTION XV: NOTICES

Any notice, advice or report given to either party under this Agreement will be delivered by mail or courier or sent by facsimile (with a hard copy sent by mail) to Hennessee at the address on the first page of this Agreement or to Client at address on the signature page, or such other address as either party may designate in writing.

## SECTION XVI: ASSIGNMENT

Neither party shall assign his or its rights or obligations under this Agreement without prior written notice to and consent of the other party. Hennessee shall notify Client in writing of any change in the principals of Hennessee which would constitute a change of control.

Agreement Between
Hennessee Group LLC;
And_____(Client)

## SECTION XVII: MISCELLANEOUS

If any provision of this Agreement is now or should become inconsistent with any law or rule of any governmental or regulatory body having jurisdiction over the subject matter of this Agreement, the provision will be deemed to be rescinded or modified in accordance with any such law or rule. In all other respects, this Agreement will continue and remain in full force and effect. No term or provision of this Agreement may be waived or changed except in writing signed by the party against whom such waiver or change is sought to be enforced. Hennessee's failure to insist at any time on strict compliance with this Agreement or with any of the terms of the Agreement or any continued course of such conduct on its part will not constitute or be considered a waiver by Hennessee of any of its rights or privileges.

This Agreement contains the entire understanding between Client and Hennessee.

## SECTION XVIII: DISCLOSURE

Client has received and reviewed a copy of Part II of Hennessee's Form ADV, as well as a copy of this Agreement.

Agreement Between
Hennessee Group LLC;
And_____(Client)

SECTION XIX: AGREEMENT EXECUTION

Hennessee Group LLC and Client have executed this non-discretionary Investment Advisory Agreement on this _15_ day of _December_, 19_98_.

_RICHARD ROGER_
NAME OF CLIENT

by _[signature]_
(Authorized Signatory, if Client is not an individual)

Address of Client for all communications:

_56 ROSECROWN_
_P.O. BOX 1659_
_AVON, CO. 81620_

Telephone No.: _970-949-7970_

Fax: _970-949-0816_

E-mail: _RROGER @ VAIL.NET_

Accepted as of _12/15/98_ [date]:

HENNESSEE GROUP LLC

by _[signature]_
Managing Principal

Agreement Between
Hennessee Group LLC;
And_____(Client)

## EXHIBIT A

### HENNESSEE GROUP LLC
### INVESTOR CONFIDENTIALITY AGREEMENT

The Hennessee Group LLC ("Hennessee") is pleased to assist Client in selecting private investment partnerships (each a "Hedge Fund" and collectively, the "Portfolio(s)"). Because of capital capacity constraints with most Hedge Funds and Hennessee's expenses associated with originating, researching and monitoring Hedge Fund managers, it is Hennessee's policy to obtain a confidentiality agreement ("Agreement") from hedge fund investors.

It is very costly to create and maintain a proprietary database of information on over 1,000 managers and to have an infrastructure to evaluate these managers so that the best Hedge Fund managers are selected for Portfolios of Hennessee clients. Hennessee trusts that Client recognize that this process and the information about each manager is proprietary. Except as may be required by law or regulation, neither Client nor Hennessee will disclose to any third party, information about the Portfolio or about recommendations made by Hennessee to Client regarding Hedge Funds. We therefore respectfully request that Client maintain the confidential nature of all information we provide to Client, including Hedge Fund manager names, addresses and phone numbers. Review by another person, reproduction, communication or transmission of information we provide Client is not permitted without the written consent of Hennessee.

Furthermore, Client cannot (without the written consent of Hennessee) utilize or transfer the information we provide Client for Client's personal or family investment; or an investment by an affiliate; or an investment by non-affiliated entities, in a manner which excludes Hennessee from receiving Compensation it would have ordinarily received. Should anyone express an interest in your investments with Hennessee Group LLC, we respectfully request that Client have that individual or entity contact Hennessee directly. Unless otherwise provided in writing subsequent to the signing of this document, this Agreement cannot be terminated or suspended by either party. In the event that Client is found by a court of law to have breached this Agreement, Hennessee shall be entitled, in addition to any other rights that Hennessee may have, to receive from Client, our attorney's fees and costs incurred in enforcing this Agreement.

Please sign below, indicating your agreement.

_____  _____
E. Lee Hennessee              [Client (print)]

                              _____
                              [Client (signature)]

Date:_____   Date:_____

Agreement Between
Hennessee Group LLC;
And_____(Client)



# EXHIBIT B
## *ACCREDITED INVESTOR STATUS*

The following categories of persons are "accredited investors;" Please check the appropriate box(es) that apply to Client:

☐ 1. A <u>bank</u> as defined in Section 3 (a) (2) of the 1933 Act, or a <u>savings and loan association</u> or other institution defined in Section 3 (a) (5) (A) of the 1933 Act, whether acting in its individual capacity or a fiduciary capacity.

☐ 2. A <u>broker or dealer</u> registered pursuant to Section 15 of the Securities Exchange Act of 1934.

☐ 3. An <u>insurance company</u> as defined in Section 2 (13) of the 1933 Act.

☐ 4. An <u>investment company</u> registered under the Investment Company Act of 1940 (the "1940 Act") or a <u>business development company</u> as defined in Section 2 (a) (48) of the 1940 Act.

☐ 5. A <u>small business investment company</u> licensed by the U.S. Small Business Administration under Section 301 (c) or (d) of the Small Business Investment Act of 1958.

☐ 6. A <u>plan established</u> and maintained <u>by a state</u>, its political subdivisions, or any agency or instrumentality of a state or its political subdivisions, <u>for the benefit of its employees</u>, if such plan has total assets in excess of $5 million.

☐ 7. A <u>private business development company</u> as defined in Section 202 (a) (22) of the Investment Advisors Act of 1940.

☐ 8. An <u>organization</u> described in <u>Section 501 (c) (3)</u> of the Internal Revenue Code, <u>corporation, Massachusetts</u> or similar <u>business Trust</u>, or <u>partnership</u>, not formed for the specific purpose of acquiring interests in the Partnership, with total assets in excess of $5 million.

Agreement Between
Hennessee Group LLC;
And_____(Client)

☐   9.   An <u>individual whose net worth</u> together with that of his or her spouse, <u>exceeds $1,000,000</u>.

☐   10.  An <u>individual</u> who has individual <u>income in excess of $200,000</u> in each of the two most recent years, or <u>joint income with his or her spouse in excess of $300,000</u> in each of those years, and who reasonably expects to reach the same income level this year.

☐   11.  A <u>trust</u>, with total assets in excess of $5,000,000, not formed for the specific purpose of acquiring an Interest in the Partnership, whose decisions to invest in hedge funds are directed by a sophisticated person who can demonstrate to the hedge fund that such person has such knowledge and experience in financial and business matters that he is capable of evaluating the merits and risks of an investment in the Partnership.

☐   12.  An entity in which all of the equity owners or partners are "accredited investors."

_____
[Client (print)]

_____
[Client (signature)]

Date: _____

Agreement Between
Hennessee Group LLC;
And_____(Client)

EXHIBIT A

## HENNESSEE GROUP LLC
## INVESTOR CONFIDENTIALITY AGREEMENT

The Hennessee Group LLC ("Hennessee") is pleased to assist Client in selecting private investment partnerships (each a "Hedge Fund" and collectively, the "Portfolio(s)"). Because of capital capacity constraints with most Hedge Funds and Hennessee's expenses associated with originating, researching and monitoring Hedge Fund managers, it is Hennessee's policy to obtain a confidentiality agreement ("Agreement") from hedge fund investors.

It is very costly to create and maintain a proprietary database of information on over 1,000 managers and to have an infrastructure to evaluate these managers so that the best Hedge Fund managers are selected for Portfolios of Hennessee clients. Hennessee trusts that Client recognize that this process and the information about each manager is proprietary. Except as may be required by law or regulation, neither Client nor Hennessee will disclose to any third party, information about the Portfolio or about recommendations made by Hennessee to Client regarding Hedge Funds. We therefore respectfully request that Client maintain the confidential nature of all information we provide to Client, including Hedge Fund manager names, addresses and phone numbers. Review by another person, reproduction, communication or transmission of information we provide Client is not permitted without the written consent of Hennessee.

Furthermore, Client cannot (without the written consent of Hennessee) utilize or transfer the information we provide Client for Client's personal or family investment; or an investment by an affiliate; or an investment by non-affiliated entities, in a manner which excludes Hennessee from receiving Compensation it would have ordinarily received. Should anyone express an interest in your investments with Hennessee Group LLC, we respectfully request that Client have that individual or entity contact Hennessee directly. Unless otherwise provided in writing subsequent to the signing of this document, this Agreement cannot be terminated or suspended by either party. In the event that Client is found by a court of law to have breached this Agreement, Hennessee shall be entitled, in addition to any other rights that Hennessee may have, to receive from Client, our attorney's fees and costs incurred in enforcing this Agreement.

Please sign below, indicating your agreement.

_E. Lee Hennessee_ (signature)
E. Lee Hennessee

_Richard Nugar_ (signature)
[Client (print)]

_____
[Client (signature)]

Date: 1-12-99

Date: 1/4/99

Agreement Between
Hennessee Group LLC;
And _____ (Client)

EXHIBIT E

Dear Client of Hennessee Group:

We are writing in regards to your participation in the Hennessee Hedge Fund Advisory Program, of the Hennessee Group LLC (Hennessee). Specifically, this correspondence is intended to disclose to all parties methods of Compensation for services provided by Hennessee to you ("Client" of Hennessee), pursuant to the "Agreement" entered between Henessee and you.

As previously communicated, Hennessee facilitates two compensation options to its Clients. Your fee to Hennessee is set forth in Exhibit F of the Agreement. You may compensate Hennessee directly or you may request the general partner, the investment adviser of the Hedge Fund in which you are invested, to Direct Commissions or Rebate a portion of the general partner's compensation to satisfy your Annual Consultant Fee owed to Hennessee Group LLC. **By copy of this document, your request is being submitted to the general partner.**

If you request the general partner to Direct Commissions, upon acceptance of such request, a registered broker-dealer will be designated, at the sole discretion of, Hennessee to execute trading. Currently, Hennessee has designated Weiss, Peck and Greer, L.L.C. ("WPG") for such purposes. On your behalf, WPG will pay over to Hennessee a portion of the resulting brokerage commissions. These payments will be credited to your balance due Hennessee per the Agreement.

As our client, you will be responsible for any balance due in cases where the general partner cannot fully satisfy your Annual Consultant Fee to Hennessee. You will receive an annual letter on or about March 31 of each year reflecting any debit balance for the prior year. If a credit balance occurs, it will be credited to the manager and will be applied to future Compensation owed Hennessee; or applied to execution and clearing services provided by WPG for which Hennessee will receive compensation as agreed to by Hennessee and the general partner. **The compensation to Hennessee (whether Directed Commissions or Rebate(s)) will not increase the fees you would ordinarily pay for investing in the Hedge Fund.** Note that the general partner may Direct Commissions to Hennessee's designated broker-dealer only if such action results in best execution of securities transactions for the Hedge Fund.

Please sign where indicated below to acknowledge that you are electing to pay Hennessee's fee through Directed Commissions and are requesting that WPG pay Hennessee's fee from such commissions. You also acknowledge that the general partner (at his/her discretion) may choose (in lieu of, or in combination with Directed Commissions) to Rebate to Hennessee a portion of the general partner's compensation.

Sincerely,

*E. Lee Hennessee*

E. Lee Hennessee

Acknowledged: _[signature]_
Client of Hennessee Group (print)

_[signature]_
Client of Hennessee Group (signature)

Date: _[handwritten]_

cc: Hedge Fund Manager

Agreement Between
Hennessee Group LLC;
And_____(Client)

# EXHIBIT C

## *Accredited Investor Profile*

1. Will you be investing as an individual or on behalf of another organization, family office, or fund-of-funds? _____

2. Have you ever invested in a hedge fund? If yes, what year did you make your first hedge fund investment?_____

3. Are you the sole decision maker in connection with hedge fund investments? If not, what is the investment process you undertake? _____
_____

4. What is the percentage (%) allocation of investments in your portfolio?
   Stocks: _____      Hedge Funds: _____      Real Estate: _____
   Bonds: _____      Cash/Treasuries: _____      All Other: _____

5. How would you characterize your hedge fund risk/return objectives (aggressive, moderate, conservative)? _____

6. Hedge funds may not be suitable for all investment objectives. Please indicate what objective(s) you are attempting to achieve with your investment.
   Education for children _____      Retirement _____      Growth _____      Income _____

7. Hedge funds are illiquid investments. Are the monies you are investing needed to support your current lifestyle? _____ Yes _____ No

8. What is your total net worth (assets less liabilities)?
   Less than $2 million: _____           Between $10 and $25 million: _____
   Between $2 and $10 million: _____     Greater than $25 million: _____

9. What percent (%) of your total net worth is liquid? _____

10. When do you expect to make the investment decision regarding hedge funds? How much do you expect to invest? _____

11. What is your current source of income (Employer, Pension, Family Business, Fund-of-Funds, Investments)?_____

_____        [HENNESSEE GROUP LLC — Hedge Fund Advisory seal]
[Client (print)]

_____        _____
[Client (signature)]                    Date

Agreement Between
Hennessee Group LLC,
And _____ (Client)

EXHIBIT D
CURRENT INVESTMENT PORTFOLIO

| Fund/Company | Portfolio Manager | Investment Style | Date of Investment | Approximate Dollars Invested |
|---|---|---|---|---|
| | | CURRENT HEDGE FUND INVESTMENTS | | |
| | | | | |
| | | | | |
| | | | | |
| | | HEDGE FUND INVESTMENTS CURRENTLY UNDER CONSIDERATION | | |
| | | | | |
| | | | | |
| | | TRADITIONAL LONG ONLY INVESTMENTS | | |
| | | | | |
| | | | | |
| | | HEDGE FUND MANAGERS CURRENTLY UNDER CONSIDERATION | | |
| | | | | |
| | | | | |

HENNESSEE GROUP LLC
HEDGE FUND ADVISORY

_____
[Client (print)]

_____        _____
[Client (signature)]           Date

J:\Administration\Legal, General\INVES ADV AGREEMENT\AA-MASTER [NON-DISCRETIONARY].DOC Created on 11/06/98 1:20 PM



E. LEE HENNESSEE
MANAGING PRINCIPAL
CHARLES J. GRADANTE
MANAGING PRINCIPAL

500 FIFTH AVENUE, 47TH FLOOR
NEW YORK, NY 10110
(212) 857-4400
(212) 768-8190 FAX

## EXHIBIT E

Dear Client of Hennessee Group:

We are writing with regards to your participation in the Hennessee Hedge Fund Advisory Program, of the Hennessee Group LLC ("Hennessee"). Specifically, this correspondence is intended to disclose, to all parties, methods of compensation for services provided by Hennessee to you ("Client(s)" of Hennessee), pursuant to the investment advisory agreement ("Agreement") between Hennessee and you. It also gives Hennessee authority to periodically receive your capital account balance solely for the purpose of determining fees due under the Agreement.

As previously set forth in the Agreement, Hennessee facilitates two alternative fee payment options to its clients. A client may compensate Hennessee directly or a client may request the general partner, the investment adviser of the Hedge Fund, to direct brokerage ("Directed Commissions") and/or make cash payments ("Cash Payments") to satisfy your annual fee "Fee(s)" due Hennessee. Your Fee(s) to Hennessee is set forth in the Agreement. **By copy of this document, your request is being submitted to the general partner.**

If you request the general partner to Direct Commissions, upon acceptance of such request, a registered broker dealer will be designated at the sole discretion of Hennessee to execute trading. On your behalf, the designated broker dealer will pay over to Hennessee a portion of the resulting brokerage commissions. These payments will be credited to your Fee(s) due Hennessee pursuant to the Agreement.

**There is no affiliation between Hennessee and the Hedge Fund, the compensation to Hennessee (whether Directed Commissions and/or Cash Payment(s)) will not increase the management fee or performance fee you would ordinarily pay the Hedge Fund.** Note that the general partner may Direct Commissions to Hennessee's designated broker dealer only if such action results in best execution of securities transactions for the Hedge Fund.

Please sign where indicated below to acknowledge that you are electing to pay Hennessee's Fee(s) through Directed Commissions and are requesting that the designated broker dealer pay Hennessee's Fee(s) from such commissions. You also acknowledge that the general partner (at its discretion) may choose (in lieu of, or in combination with Directed Commissions) to make Cash Payments to Hennessee. This document authorizes the Hedge Fund to copy Hennessee on all correspondence sent to you as a limited partner of the Hedge Fund including manager letters to limited partners, quarterly Client capital account balances and Client schedule K-1.

Sincerely,

*/s/ Gradante*
Managing Principal
Hennessee Group LLC

Authorized Signatory for:
PPOM Holdings
Tomay Charitable Remainder Trust
Richard Rogel

Acknowledged: _/s/ Richard Rogel_
Richard Rogel [sign]

cc: Hedge Fund General Partner

Date: 5/14/04

HENNESSEE GROUP LLC
NEW YORK • PALM BEACH • RALEIGH

Agreement Between
Hennessee Group LLC;
And _____ (Client)

EXHIBIT E

Dear Client of Hennessee Group:

We are writing in regards to your participation in the Hennessee Hedge Fund Advisory Program, of the Hennessee Group LLC (Hennessee). Specifically, this correspondence is intended to disclose to all parties methods of Compensation for services provided by Hennessee to you ("Client" of Hennessee), pursuant to the "Agreement" entered between Hennessee and you.

As previously communicated, Hennessee facilitates two compensation options to its Clients. Your fee to Hennessee is set forth in Exhibit F of the Agreement. You may compensate Hennessee directly or you may request the general partner, the investment adviser of the Hedge Fund in which you are invested, to Direct Commissions or Rebate a portion of the general partner's compensation to satisfy your Annual Consultant Fee owed to Hennessee Group LLC. **By copy of this document, your request is being submitted to the general partner.**

If you request the general partner to Direct Commissions, upon acceptance of such request, a registered broker-dealer will be designated, at the sole discretion of, Hennessee to execute trading. Currently, Hennessee has designated Weiss, Peck and Greer, L.L.C. ("WPG") for such purposes. On your behalf, WPG will pay over to Hennessee a portion of the resulting brokerage commissions. These payments will be credited to your balance due Hennessee per the Agreement.

As our client, you will be responsible for any balance due in cases where the general partner cannot fully satisfy your Annual Consultant Fee to Hennessee. You will receive an annual letter on or about March 31 of each year reflecting any debit balance for the prior year. If a credit balance occurs, it will be credited to the manager and will be applied to future Compensation owed Hennessee; or applied to execution and clearing services provided by WPG for which Hennessee will receive compensation as agreed to by Hennessee and the general partner. **The compensation to Hennessee (whether Directed Commissions or Rebate(s)) will not increase the fees you would ordinarily pay for investing in the Hedge Fund.** Note that the general partner may Direct Commissions to Hennessee's designated broker-dealer only if such action results in best execution of securities transactions for the Hedge Fund.

Please sign where indicated below to acknowledge that you are electing to pay Hennessee's fee through Directed Commissions and are requesting that WPG pay Hennessee's fee from such commissions. You also acknowledge that the general partner (at his/her discretion) may choose (in lieu of, or in combination with Directed Commissions) to Rebate to Hennessee a portion of the general partner's compensation.

Sincerely,

Acknowledged: _____
Client of Hennessee Group (print)

E. Lee Hennessee

_____
Client of Hennessee Group (signature)

cc: Hedge Fund Manager

Date: _____

Agreement Between
Hennessee Group LLC;
And _____ (Client)



EXHIBIT F

## Annual Consultant Fee

| Portfolio Assets | Hard Dollar Tiered Pricing — Option A | | | | Net Directed Commissions/Fee Rebates (**) — Option B | | | |
|---|---|---|---|---|---|---|---|---|
| | Client Structured Portfolio Level II Min/max (*) | Hennessee Structured Portfolio Level II Min/max (*) | Hennessee Structured Portfolio Level I Min/max (*) | | Client Structured Portfolio Level II Min/max (*) | Hennessee Structured Portfolio Level II Min/max (*) | Hennessee Structured Portfolio Level I Min/max (*) | |
| $5 mm or less | 20 bp/20 bp | 20 bp/20 bp | 80 bp/80 bp | | 0 bp/20 bp | 0 bp/20 bp | 0 bp/80 bp | |
| $25 mm to $50 mm | 13 bp/13 bp | 13 bp/13 bp | 50 bp/50 bp | | 0 bp/13 bp | 0 bp/13 bp | 0 bp/50 bp | |
| $50 mm & above | 6 bp/6 bp | 6 bp/6 bp | 25 bp/25 bp | | 0 bp/6 bp | 0 bp/6 bp | 0 bp/25 bp | |
| Example: $100 mm Portfolio | $112,500 per year | $112,500 per year | $450,000 per year | | $0/$112,500 per year | $0/$112,500 per year | $0/$450,000 per year | |

(*) minimum/maximum client expense outlay

(**) Client requests manager fee Rebate and/or Directed Commissions on "best efforts and best execution" basis. Client's fee owed to Hennessee is credited. Balance due (if any) is paid by client.

Level I: Hennessee Structuring Services pursuant to Section II(a) and Section IV(a)
Level II: Hennessee Ongoing Services pursuant to Section II(b) and Section IV(b)

J:\Administration\Legal, General\INVES ADV AGREEMENT\AA-MASTER [NON-DISCRETIONARY].DOC Created on 11/06/98 1:20 PM