UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                  :
HENNESSEE GROUP LLC,                                              :
                                                                  :
                                        Plaintiff,                :   Case No. 07 Civ. 7723 (SHS)
                                                                  :
                                                                  :
            - against -                                           :
                                                                  :
RICHARD ROGEL,                                                    :
                                                                  :
                                        Defendant.                :
                                                                  :
------------------------------------------------------------------x


**DECLARATION OF ROBERT C. SENTNER IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS OR STAY THE COMPLAINT IN FAVOR OF ARBITRATION**





**EXHIBIT B**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

HENNESSEE GROUP LLC,

                              Plaintiff,

-against-

RICHARD ROGEL

                              Defendant.

Index No: 103124/07
Date Filed: 7/2/07

SUMMONS

Plaintiff designates
New York County
as the Place of Trial

To the above-named defendants:

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the date of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief requested in the complaint.

Dated: White Plains, NY
         June 27, 2007

                                      JOEL S. STUTTMAN, P.C.
                                      Attorney for the Plaintiff
                                      303 Old Tarrytown Road
                                      White Plains, NY 10603
                                      (914) 948-8392

Defendants address:

56 Rose Crown
Avon, Co 81620

NEW YORK
COUNTY CLERK'S OFFICE

NOT COMPARED
WITH COPY FILE

```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK                              Date Filed:
-------------------------------------------X    Index #
HENNESSEE GROUP LLC,

                        Plaintiff,
                                                VERIFIED
        -against-                               COMPLAINT

RICHARD ROGEL

                        Defendant.
-------------------------------------------X
```

Plaintiff, HENNESSEE GROUP, LLC, by its attorney, JOEL S. STUTTMAN, P.C., as and for its verified complaint against the defendant, RICHARD ROGEL, alleges upon information and belief as follows:

## PARTIES

1. At all relevant times hereinafter mentioned, the plaintiff, HENNESSEE GROUP, LLC was and is a domestic limited liability company authorized to do business within the State of New York with an office for the transaction of business located at 500 Fifth Avenue, 47th Floor, New York, NY.

2. Upon information and belief, at all relevant times hereinafter mentioned, defendant RICHARD ROGEL (hereinafter "Rogel") was and is an individual residing at 56 Rose Crown, Avon, Co. 81620.

## JURISDICTION

3. This Court has jurisdiction over the defendant because, at all relevant times set forth in the complaint, defendant availed itself of the benefits of conducting business within the State of New York and have had sufficient and purposeful contacts and activities within the State of New York in relation to the transactions and claims set forth herein.

## AS AND FOR A FIRST CAUSE OF ACTION

4. In our about January 1997, plaintiff and defendant, Rogel, entered into a certain investment advisory agreement, which investment advisory agreement was subsequently reduced to writing in December 1998., (hereinafter the "Agreement") wherein the plaintiff agreed to provide defendant Rogel with certain investment advisory and monitoring services (hereinafter the "Services").

5. In exchange for the Services, and pursuant to the Agreement, Rogel agreed to pay plaintiff an annual fee for the Services (the "Annual Fee").

6. Thereafter on or about and between January 1, 1997 and December 31, 2006, the plaintiff, in accordance with the Agreement, provided the Services to Rogel.

7. As a result of the foregoing, as of December 31, 2006 plaintiff has earned an Annual Fee in the sum of $1,746,261.00.

8. As of the date hereof Rogel has failed to pay any portion of the sum of $1,746,261.00, except for the sum of $1,083,963.00 paid on account, leaving the sum of $662,298.00 due and owing from Rogel to plaintiff, no part of which has been paid although duly demanded.

9. By reason of Rogel's failure to pay the sum of $662,298.00 to the plaintiff, Rogel has breached the agreement between it and plaintiff.

10. The Agreement further provides that the plaintiff will continue to earn the Annual Fee so long as Rogel maintains investments in any hedge fund covered by the Agreement.

11. Upon information and belief, as of the date herein Rogel still has investments in hedge funds covered by the Agreement.

12. As a result, plaintiff continues and will continue to earn its Fee pursuant to the Agreement.

13. By reason of the foregoing, judgment should be entered in favor of the plaintiff and against the defendant, Rogel, in an amount to be determined at trial, but not less than the sum of $662,298.00 plus interest.

## AS AND FOR A SECOND CAUSE OF ACTION

14. The plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" thru "13" of this complaint as if fully set forth at length herein.

15. On or about and subsequent to January 1, 1997, plaintiff provided Rogel with certain investment advisory and monitoring services, which services were accepted by Rogel without objection.

16. As a result, Rogel has been unjustly enriched by his failure to pay plaintiff the fair value for its services.

17. As of December 31, 2006, the fair value of plaintiff's services is $1,746,261.00.

18. As of the date hereof Rogel has failed to pay any portion of the sum of $1,746,261.00, except for the sum of $1,083,963.00 paid on account, leaving the sum of $662,298.00 due and owing from Rogel to plaintiff, no part of which has been paid although duly demanded.

19. As of the date herein Rogel continues and will continue to be unjustly enriched by its failure to pay plaintiff the fair value for plaintiff's services.

20. By reason of the foregoing, judgment should be entered in favor of the plaintiff and against Rogel in an amount to be determined at trial but not less than the sum of $662,298.00 plus interest.

## AS AND FOR A THIRD CAUSE OF ACTION

21. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "20" of this verified complaint as if fully set forth at length herein.

22. Commencing on or about December 31, 1997 and at various times thereafter, plaintiff rendered statements of account to Rogel indicating that Rogel was indebted to plaintiff in the sum of $1,746,261.00.

23. Rogel retained the statements of account without objection.

24. As a result of the foregoing, the sum of $1,746,261.00 became due and owing to the plaintiff from Rogel.

25. As of the date hereof Rogel has failed to pay any portion of the sum of $1,746,261.00, except for the sum of $1,083,963.00 paid on account, leaving the sum of $662,298.00 due and owing from Rogel to plaintiff, no part of which has been paid although duly demanded.

26. By reason of the foregoing, judgment should be entered in favor of the plaintiff and against Rogel in the sum of $662,298.00 plus interest.

WHEREFORE, plaintiff, HENNESSEE GROUP, LLC, demands judgment against RICHARD ROGEL as follows:

1. On the first and second causes of action, judgment against the defendant RICHARD ROGEL in an amount to be determined at trial but in no event less than $662,298.00 plus interest.

2. On the third cause of action, judgment against the defendant RICHARD ROGEL in the sum of $662,298.00 plus interest.

3. The costs and disbursements including reasonable attorney's fees incurred by the plaintiff in connection with this action.

4. Such other and further relief as this Court may deem just and proper.

Dated:   White Plains, New York
         June 24, 2007

                              JOEL S. STUTTMAN, P.C.
                              Attorneys for Plaintiff
                              303 Old Tarrytown Road
                              White Plains, NY 10603
                              (914) 948-8392

```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------X   Index No.
                                             Date:
HENNESSEE GROUP LLC


                                 Plaintiff,  CERTIFICATION
            -against-                        PURSUANT TO
                                             SEC. 130-1.1-a

RICHARD ROGEL



                                 Defendant(s).
-----------------------------------------X
```

Joel S. Stuttman, ESQ., an attorney duly admitted to practice law in the courts of the State of New York, and the attorney for the Plaintiff herein hereby certifies the following, pursuant to Section 130-1.1-a of the Rules of the Chief Administrator (22NYCRR):

That to the best of my knowledge, information and belief, formed after reasonable inquiry under the circumstances, that the presentation of the following documents, pleadings, motion or other papers filed with the Court or served upon my adversary are non-frivolous as such term is defined in subsection (c) of section 130-1.1 of the Rules of the Chief Administrator.

Summons and Verified Complaint

_____
Joel S. Stuttman, ESQ.

Dated: White Plains, New York
       July 2, 2007