UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
HENNESSEE GROUP LLC,

                             Plaintiff,       Case No. 07 Civ. 7723 (SHS)

          - against -

RICHARD ROGEL,

                             Defendant.
------------------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT IN FAVOR OF ARBITRATION

                                                     NIXON PEABODY LLP
                                                     Attorneys for Defendant
                                                     437 Madison Avenue
                                                     New York, New York 10022
                                                     (212) 940-3000

Robert C. Sentner
Tamar Y. Duvdevani
Alison B. Cohen

10707738.3

## PRELIMINARY STATEMENT

It is axiomatic that when two parties contract to arbitrate claims arising from an agreement, the parties cannot, as a matter of law, simply ignore the arbitration provision and file a law suit. This action must be dismissed because Hennessee Group LLC ("Hennessee") and Richard Rogel ("Rogel") agreed to arbitrate the claims that are the subject of the instant action. It is indisputable that Hennessee and Rogel are parties to an Investment Advisory Agreement ("Agreement") that contains an arbitration provision. The arbitration provision is broad, establishing a strong presumption in favor of the arbitration of all claims. Moreover, the claims alleged in this action all arise directly from a purported breach of the Agreement – the precise type of dispute the arbitration provision explicitly covers. Accordingly, the Complaint must be dismissed.

## FACTS

On or about December 15, 1998, Hennessee and Rogel entered into the Agreement. (Sentner Decl., Ex. A). The Agreement generally provides that Hennessee would provide investment advice and services to Rogel in exchange for fees. (*Id.*) The Agreement contains an unambiguous arbitration provision which states, in relevant part:

> <u>Any disputes</u> arising under this Agreement or, with respect to its interpretation, <u>shall</u> be submitted to arbitration before a panel of three arbitrators selected under the Rules of the American Arbitration Association and such arbitration shall be conducted in accordance with the commercial arbitration rules of said Association.

(*Id.* at Section XIV) (emphasis added).

On July 2, 2007, Hennessee filed an action in New York State Supreme Court, New York County, captioned <u>Hennessee Group LLC, v. Richard Rogel</u>, Index No. 103124/07 (the "State Action"). On August 1, 2007, Hennessee served Rogel's counsel with the Complaint in the State

Action. Rogel's counsel acknowledged service of the Complaint on August 22, 2007. The three causes of action alleged in the Complaint arise from Rogel's purported failure to perform his obligations under the Agreement. (Sentner Decl. Ex. B.) Specifically, Hennessee alleged that it provided investment advice and services and that Rogel allegedly did not pay a portion of the fees that Hennessee believed it was owed. (*Id.*)

On August 30, 2007, Rogel filed a Notice of Removal to remove the State Action to the District Court of the United States in the Southern District of New York. (Docket No. 1.) On or about August 28, 2007, Rogel filed a Demand for Arbitration with the American Arbitration Association seeking a declaratory judgment that it has not breached the Agreement and does not owe Hennessee $662,298, the amount claimed by Hennessee in the Complaint. (Sentner Decl. Ex. C.) Rogel now moves to dismiss the Complaint, or in the alternative, stay the court action pending the resolution of a proceeding in arbitration.

## ARGUMENT

### I. THE STANDARDS ON A FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1) MOTION TO STAY AND A 12(B)(6) MOTION TO DISMISS

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A party is authorized under Rule 12(b)(1) to move for a stay pending arbitration if the issues presented by the action are referable to arbitration as a matter of law. *See, e.g., Equal Employment Opportunity Commission v. Hooters of America, Inc.*, 06-cv-6138, 2007 U.S. Dist. LEXIS 2150 at *6 (W.D.N.Y. Jan. 9, 2007). On a motion to dismiss pursuant to Rule 12(b)(1), the court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *See, e.g., Rodriguez v. Haynes*, 341 F. Supp. 2d 416, 420 (S.D.N.Y. 2004). If, however, there is evidence

3

that is relevant to the issue of subject matter jurisdiction before the court, the court can refer to the evidence outside of the pleadings. *See Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986). The consideration of extrinsic materials does not convert the 12(b)(1) motion to one for summary judgment. *See id.*

To survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must allege facts that, if assumed to be true, would confer a judicially cognizable right of action. *See, e.g., York v. Association of Bar of City of New York*, 286 F.3d 122, 125 (2d Cir.), *cert. denied*, 537 U.S. 1089 (2002). On a motion to dismiss pursuant to Rule 12(b)(6), a court should accept the factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *See, e.g., Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 117 (2d Cir.), *cert. denied*, 540 U.S. 1012 (2003); *York*, 286 F.3d at 125. Beyond the complaint itself, a court may consider any documents attached, incorporated by reference, or integral to the claims asserted, as well as any matters of which judicial notice may be taken. *See County of Suffolk v. First American Real Estate Solutions*, 261 F.3d 179, 184 (2d Cir. 2001). The court may also view the allegations in light of the full terms of the relevant agreements and statutes. *See, e.g., Freedom Holdings Inc. v. Spitzer*, 363 F.3d 149, 152 (2d Cir. 2004).

## II.   THE ACTION SHOULD BE DISMISSED IN FAVOR OF ARBITRATION

### A.   Federal Courts Are Required to Enforce Arbitration Agreements

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 et seq., federal courts are required to enforce arbitration agreements. *See, e.g., Deloitte Noraudit A/S v. Deloitte Haskins & Sells*, 9 F.3d 1060, 1063 (2d Cir. 1993). Federal policy strongly encourages arbitration as a way to reduce costs and delays generally associated with litigation. *See id; see also, e.g., Hughes, Hooker & Co. v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc.*, 04 Civ. 1859, 2005

U.S. Dist. LEXIS 11381, at *7 (S.D.N.Y. June 9, 2005) (Stein, J.) ("In reviewing defendants' motion for a stay pending arbitration, the Court is guided by a 'federal policy [that] strongly favors arbitration as an alternative dispute resolution process.'") (quoting *David L. Threlkeld & Co. v. Metallgesellschaft, Ltd.*, 923 F.2d 245, 248 (2d Cir. 1991)). A court "'must stay proceedings if satisfied that the parties have agreed in writing to arbitrate an issue or issues underlying the district court proceeding.'" *WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 74 (2d Cir. 1997) (quoting *McMahan Sec. Co. L.P. v. Forum Capital Markets L.P.*, 35 F.3d 82, 85 (2d Cir. 1994)); *See also* 9 U.S.C. § 3. The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

In deciding a motion to stay a litigation in favor of arbitration, the court must determine whether the parties agreed to arbitrate, and determine whether the scope of that agreement includes the claims included in the court action. *See, e.g., Oldroyd v. Elmira Sav. Bank*, 134 F.3d 72, 76 (2d Cir. 1998); *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 844-45 (2d Cir. 1987); *Alemac Ins. Servs. v. Risk Transfer, Inc.*, 03 Civ. 1162, 2003 U.S. Dist. LEXIS 26764 at *9 (S.D.N.Y. Aug. 28, 2003). "Where there is a question as to whether claims are arbitrable, federal arbitration policy requires that 'any doubts . . . be resolved in favor of arbitration.'" *Hughes, Hooker & Co.*, 2005 U.S. Dist. LEXIS 11381, at *8 (quoting *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983)). Furthermore, the court must classify the arbitration provision as either broad or narrow. *See, e.g., Mehler v. Terminix Int'l Co.*, 205 F.3d 44, 49 (2d Cir. 2000). A broad arbitration provision typically provides that all claims arising under the agreement are subject to arbitration.

*See id.* (describing a clause that provided that "'any controversy or claim between [the parties] arising out of or relating to'" the Agreement" as "classically broad."); *Roby v. Corporation of Lloyd's*, 996 F.2d 1353, 1361 (2d Cir. 1993) (holding that in the context of interpreting arbitration clauses, the phrases "relating to," "in connection with" or "arising from" are considered substantially the same). If it is found that the arbitration provision is a broad provision, a "presumption of arbitrability arises." *Alemac Ins. Servs. v. Risk Transfer, Inc.*, 2003 U.S. Dist. LEXIS 26764 at *10 (holding that the pleadings of the court action fell within the broad arbitration provision of the parties' agreement). Where all of the claims filed in court fall within the arbitration provision of the parties' agreement and no claim is left for the court to determine, the claims must be dismissed. *See, e.g., Oriental Commercial & Shipping Co. v. Rosseel, N.V.*, 125 F.R.D. 398, 402 (S.D.N.Y. 1999); *Margalioth v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 695 F. Supp. 756, 757 (S.D.N.Y. 1988).

    B.    <u>The Complaint Must be Dismissed Because the Agreement Contains a Broad Arbitration Provision and the Complaint Alleges Claims Only Arising from that Agreement</u>

In the instant case, Rogel and Hennessee entered into the Agreement on December 15, 1998, which contains an arbitration provision that provides, in relevant part:

> Any disputes arising under this Agreement or, with respect to its interpretation, shall be submitted to arbitration before a panel of three arbitrators selected under the Rules of the American Arbitration Association and such arbitration shall be conducted in accordance with the commercial arbitration rules of said Association.

(Sentner Decl. Ex. A at Section XIV). Like the provision in the *Mehler*, the provision in the instant Agreement is "classically broad." *Mehler*, 205 F.3d at 49. Courts have enforced arbitration provisions containing substantially similar, if not identical, language as the language found in the Agreement's arbitration provision. *See e.g., Oldroyd v. Elmira Sav. Bank*, 134 F.3d 72, 76 (2d Cir. 1998) ("The clause makes arbitrable 'any dispute, controversy or claim arising

6

under or in connection with [the agreement].'"); *Alemac Ins. Servs. v. Risk Transfer, Inc.*, 2003 U.S. Dist. LEXIS 26764 at *12 (holding that "[a]ny dispute or controversy herein shall be settled by arbitration" was the "paradigm of an expansive clause" and broad enough to encompass claims for breach of contract, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty). The Agreement thus unambiguously provides that all claims arising under the Agreement must be submitted to Arbitration.

Moreover, Hennessee's claims arise from the Agreement: all of its allegations directly relate to a purported breach of the Agreement. Specifically, Hennessee's first cause of action alleges breach of contract for Rogel's purported failure to pay a portion of the annual fees for services Hennessee provided under the contract. (Sentner Decl. Ex. B at ¶¶ 5 – 9.) Hennessee's second cause of action alleges unjust enrichment due to Rogel's purported failure to pay for fees in connection to services Hennessee allegedly performed under the contract. (Sentner Decl. Ex. B at ¶ 19.) The third and final cause of action also relates to Rogel's alleged breach of contract. (Sentner Decl. Ex. B at ¶¶ 21 – 26.)

In sum, all of Hennessee's claims fall within the scope of the Agreement's broad arbitration clause. This is precisely the kind of dispute the parties contemplated would be subject to arbitration pursuant to the Agreement. Because each claim must be submitted for arbitration, there is no claim for the Court to determine. Accordingly, the action must be dismissed in its entirety, or in the alternative, stayed in favor of arbitration.

## CONCLUSION

For the foregoing reasons, Richard Rogel respectfully requests that the action against him be dismissed in its entirety, or in the alternative, be stayed in favor of arbitration.

Dated: New York, New York
September 5, 2007

                    NIXON PEABODY LLP

                    By: _____/s/ Robert Sentner_____
                          Robert C. Sentner (RS 5223)
                          Tamar Y. Duvdevani (TD 7603)
                          Alison B. Cohen (AC 7702)

                    437 Madison Avenue
                    New York, New York  10022
                    Telephone: (212) 940-3000
                    Facsimile: (212) 940-3111

                    *Attorneys for Defendant Richard Rogel*