UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x   Case No. 07 Civ. 7723 (SHS)

HENNESSEE GROUP, LLC,

                      Plaintiff,

  -against-

RICHARD ROGEL,

                      Defendant.

------------------------------------------------------------x

## MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT IN FAVOR OF ARBITRATION

JOEL S. STUTTMAN, P.C.
Attorneys for Plaintiff
303 Old Tarrytown Road
White Plains, NY 10603
(914) 948-8392

## PRELIMINARY STATEMENT

The defendant, Richard Rogel ("Rogel") moves to dismiss the complaint and compel the plaintiff, Hennessee Group LLC ("Hennessee"), to submit its claims against Rogel to arbitration. However, the provision of the Investment Advisory Agreement (the "Agreement"), between Rogel and Hennessee which deals with arbitration procedures clearly does not require Hennessee to arbitrate its claims.[1] Instead, Section XIV of the Agreement allows the party who has a claim to choose between arbitration or litigation, and provides certain procedures to be followed if arbitration is chosen. The defendant's moving papers conveniently only quotes the first sentence of Section XIV and omits the last sentence which clearly makes arbitration optional. Furthermore, under New York law, the law applicable to this issue, an arbitration agreement must be "clear, explicit and unequivocal" in order to be valid and binding. Such is not the case here.

## ARGUMENT

I.  **THE AGREEMENT BETWEEN PLAINTIFF AND DEFENDANT DOES NOT CONTAIN A MANDATORY ARBITRATION CLAUSE, BUT GIVES THE PARTY SUBMITTING A CLAIM THE OPTION OF ARBITRATION OR LITIGATION.**

Contrary to the position of the defendant in his moving papers, Section XIV of the Agreement does not require that Hennessee submit its claims to arbitration. While the defendant relies upon the first sentence of Section XIV of the Agreement to support its position that arbitration is mandatory, the defendant has conveniently omitted the last sentence of Section XIV, which makes it clear that the plaintiff has the right to choose to

---

[1] A copy of the Agreement is annexed to defendant's moving papers as Exhibit A to the Declaration of Robert C. Sentner.

submit its claims to arbitration or litigating before the courts. Section XIV of the Agreement in its entirety reads as follows:

> Any disputes arising under this Agreement, or with respect to its interpretation, shall be submitted to arbitration before a panel of three arbitrators selected under the Rules of the American Arbitration Association and such arbitration shall be conducted in accordance with the commercial arbitration rules of said Association. Each of the parties shall be entitled to select one arbitrator; those two arbitrators shall select the third arbitrator. The ruling of said panel shall be binding in all respects and judgment thereon may be entered in any court having jurisdiction. **Nothing in this Agreement shall bind either party to submit any dispute to arbitration with respect to which such party is entitled to have litigated in a court of competent jurisdiction.** [Emphasis added].

When reading the last sentence of Section XIV together with the first sentence, it is clear that arbitration is optional, not mandatory, and it reserves Hennessee's right to litigate its claims in Court. Accordingly, pursuant to the clear language of Section XIV, Hennessee cannot be forced to submit its claim to arbitration and the defendant's motion to dismiss the complaint in favor of arbitration should be denied.

## II. THE ARBITRATION PROVISION CONTAINED IN THE AGREEMENT IS NOT CLEAR, EXPLICIT AND UNEQUIVOCAL, AS REQUIRED BY NEW YORK LAW IN ORDER TO BE ENFORCEABLE.

Even if there were any question or ambiguity over whether or not arbitration is mandatory in this matter, under New York Law, the Court must find in favor of the plaintiff by not ordering arbitration. It is well settled law that when the Federal Court's jurisdiction over a matter is based upon diversity of citizenship, as is the case here, the Court must apply the law of the forum State on all substantive issues. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Travelers Ins. Co. v. 633 Third Assoc.*, 14 F.3d 114, 119 (2d Cir. 1994); *McGrath v. Toys "R" Us, Inc.*, 356 F.3d 246, 249 (2d Cir. 2004). Furthermore, Section XII of the Agreement provides that it shall be governed and

construed in accordance with the laws of the State of New York. As such, in the instant matter, New York law governing the enforcement of arbitration agreements must be applied.

Pursuant to New York law, in order to require the parties to submit to arbitration, the Court must determine whether the parties have entered into a valid arbitration agreement. *Harriman Group, Inc. v. Napolitano*, 213 A.D.2d 159, 162, 623 N.Y.S.2d 224, 226 (1st Dept. 1995). In order to be valid, the parties' agreement to submit their claims to arbitration must be "clear, explicit and unequivocal" and "must not depend upon implication or subtlety". *Waldron v. Goddess*, 61 N.Y.2d 181, 183, 184, 473 N.Y.S.2d 136, 137 (1984). *See also, Thomas Crimmins Contr. Co., Inc. v. City of NY*, 74 N.Y.2d 166, 171, 544 N.Y.S.2d 580, 583 (1989); *Eis Group/Cornwall Hill Development Corp. v. Rinaldo Const., Inc.*, 154 A.D.2d 429, 546 N.Y.S.2d 105, 106 (2nd Dept. 1989); *God's Battalion of Prayer Pentecostal Church, Inc. v. Miele Assoc.*, LLC, 6 N.Y.3d 371, 374, 812 N.Y.S.2d 435, 437 (2006). The reasoning given by the New York Court of Appeals for this standard is that "parties consenting to arbitration surrender many of their normal rights under the procedural and substantive law of New York State, and it would be unfair to infer such a significant waiver of the basis of anything less than a clear indication of intent". *Crimmins*, Id. at 171.

Applying New York law to the matter at hand, there can only be one conclusion: that Hennessee cannot be forced to arbitrate its claims under Section XIV. By reserving the parties' rights to litigate their claims in Court, it cannot be determined that this arbitration clause is a clear, explicit and unequivocal agreement to arbitrate. As such, even if there was a question as to whether or not Section XIV requires arbitration, the fact

3

that a question exists as to what the parties intended is proof enough that this is not a valid arbitration agreement under New York law. *See, Eis Group*, Id. at 429 ("…because of the conflicting terms in the parties' contract and the claims made by them, there was no clear and unequivocal agreement to arbitrate…").

## CONCLUSION

By reason of the foregoing, it is clear that Section XIV of the Agreement between the parties does not require mandatory arbitration of Hennessee's claims and, as such, the defendant's motion to dismiss the complaint in favor of arbitration should be denied in its entirety.

Dated: White Plains, New York
      September 18, 2007

JOEL S. STUTTMAN, P.C.

By:   /S/ Joel S. Stuttman
     Joel S. Stuttman (JS 1197)

303 Old Tarrytown Road
White Plains, NY 10603
Phone: (914) 948-8392
Fax: (914) 948-6973

*Attorneys for Plaintiff
Hennessee Group LLC*