UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
          :
HENNESSEE GROUP LLC,          :
          :
          Plaintiff,    :    Case No. 07 Civ. 7723 (SHS)
          :
- against -          :
          :
RICHARD ROGEL,          :
          :
          Defendant.   :
          :
------------------------------------------------------------------------x

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT IN FAVOR OF ARBITRATION

NIXON PEABODY LLP
Attorneys for Defendant
437 Madison Avenue
New York, New York 10022
(212) 940-3000

Robert C. Sentner
Tamar Y. Duvdevani
Alison B. Cohen

10733278.5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
HENNESSEE GROUP LLC,

                              Plaintiff,                Case No. 07 Civ. 7723 (SHS)

          - against -

RICHARD ROGEL,

                              Defendant.
------------------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S
MOTION TO DISMISS THE COMPLAINT IN FAVOR OF ARBITRATION**

**INTRODUCTION**

       In his Opening Brief, Defendant Richard Rogel ("Rogel") demonstrated that, as a matter of law, Plaintiff Hennessee Group LLC's ("Hennessee") Complaint must be dismissed because (1) federal courts are required to enforce arbitration agreements; and (2) the claims of the Complaint all arise from an agreement between the parties which contains a broad and valid arbitration provision.

       Conceding that its claims all arise from the agreement containing the arbitration provision, Hennessee argues in its opposition to Rogel's motion ("Hennessee Br.") that (a) the arbitration provision contained in the agreement is optional; and (b) the arbitration provision is unclear and is therefore unenforceable. The position Hennessee now takes is contrary to its position in a 2006 litigation before Judge McMahon wherein it argued that the identical arbitration provision is mandatory and required that the Court stay that proceeding. For this and other reasons discussed below, Hennessee's arguments fail.

# ARGUMENT

I.  **THE ACTION SHOULD BE DISMISSED IN FAVOR OF ARBITRATION**

    A.  <u>The Arbitration Provision is Mandatory, and Hennessee Agrees</u>

The arbitration provision contained in the December 15, 1998 Investment Advisory Agreement (the "Agreement") between Rogel and Hennessee is mandatory. This is clear not only from a plain reading of the Agreement, but from a brief submitted by Hennessee in a prior case in which Hennessee moved to stay a proceeding in favor of arbitration. In *South Cherry Street, LLC v. Hennessee Group LLC et al*, 06 Civ. 2943 (CM), Hennessee moved to stay the proceeding in favor of arbitration. (*See* Duvdevani Decl. Ex. A at 8-9.) The arbitration provision in that case is identical to the one at issue here. (*See id*. at 2.) Now that Hennessee wishes to be in Court, it has flipped its position and argues the exact opposite of what it presented to Judge McMahon, namely, that the provision is optional and unclear. Hennessee is not entitled to change its interpretation of its own contract as it suits its needs.

The arbitration provision in the Agreement between Rogel and Hennessee reads:

> Any disputes arising under this Agreement or, with respect to its interpretation, shall be submitted to arbitration before a panel of three arbitrators selected under the Rules of the American Arbitration Association and such arbitration shall be conducted in accordance with the commercial arbitration rules of said Association. Nothing in this Agreement shall bind either party to submit any dispute to arbitration with respect to which such party is entitled to have litigated in a court of competent jurisdiction.

(Sentner Decl. Ex. A at Section XIV). This provision is <u>identical</u> to a provision contained in the Advisory Investment Agreement it had with another entity in *South Cherry Street, LLC v. Hennessee Group LLC*. (Duvdevani Decl. Ex. A at 2.) In the *South Cherry Street, LLC v. Hennessee Group LLC* litigation, Hennessee's motion to stay the litigation based upon this same provision argued that the provision is "mandatory" and "requires this Court to stay this proceeding and order Plaintiff's claims to arbitration." (Duvdevani Decl. Ex. A at 8-9.)

3

Hennessee's *South Cherry Street, LLC v. Hennessee Group LLC* brief reveals that the arbitration provision was meant by Hennessee to be mandatory, and it cannot in good faith now argue that it Rogel is attempting to "force" it to arbitrate its claims. (Hennessee Br. at 3.)

Even without this admission, the arbitration provision at issue is plainly mandatory. *See, e.g., Roofers Local 195 Pension v. Shue Roofing Inc.*, 5:01-CV-562, 2004 U.S. Dist. LEXIS 1409, at *5 (N.D.N.Y. Feb. 3, 2004) (reviewing the language "any dispute or claimed violation of this Agreement by either party shall be determined and resolved" and finding that "[t]his language clearly makes arbitration of the present claims mandatory," and "The CBA could have used such other language as 'may' or 'at the election of the parties;' however, it explicitly states that any dispute shall be submitted to arbitration."). While Hennessee (now) contends that the last sentence of the clause makes the provision optional (Hennessee Br. at 2), such an interpretation of the provision is strained. The last sentence emphasized by Hennessee simply states that while the parties must arbitrate "[a]ny disputes arising under this Agreement or, with respect to its interpretation," the parties are not bound to arbitrate anything else. For instance, if the parties have a dispute unrelated to the Agreement, the arbitration clause does not apply. Here, however, the dispute is plainly related to the Agreement. Hence, the arbitration clause applies.

In sum, Hennessee's argument fails.

B.  <u>The Arbitration Provision is Clear, but Even Were It Not the Presumption Favors Arbitration</u>

Hennessee provides no support for its position that the last sentence of Section XIV of the Agreement makes the arbitration provision optional, and argued the opposite before Judge McMahon. However, assuming *arguendo* that Hennessee were correct that the last sentence

4

made the provision somehow ambiguous, such ambiguities are resolved in favor of arbitration and against the contract drafter, Hennessee.

        1.        The Strong Policy Favoring Arbitration Mandates That This Action Be Stayed or Dismissed

"In reviewing defendants' motion for a stay pending arbitration, the Court is guided by a 'federal policy [that] strongly favors arbitration as an alternative dispute resolution process.'" *Hughes, Hooker & Co. v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc.,* 04 Civ. 1859, 2005 U.S. Dist. LEXIS 11381, at *7 (S.D.N.Y. June 9, 2005) (Stein, J.) (quoting *David L. Threlkeld & Co. v. Metallgesellschaft, Ltd.,* 923 F.2d 245, 248 (2d Cir. 1991)). "Where there is a question as to whether claims are arbitrable, federal arbitration policy requires that 'any doubts . . . be resolved in favor of arbitration.'" *Hughes, Hooker & Co.*, 2005 U.S. Dist. LEXIS 11381, at *8 (quoting *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983)); *see also, e.g., Gruber v. Louis Hornick & Co.*, 02Civ. 5092, 2003 U.S. Dist. LEXIS 8764, at *3 (S.D.N.Y. May 22, 2003) (Stein, J.) ("There is a strong federal policy favoring alternative means of dispute resolution, and in light of that policy, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."). Therefore, even if Hennessee were correct that the provision is unclear, the FAA requires that this matter be arbitrated.

        2.        Any Ambiguities Are Resolved Against the Drafter

The fact that the Agreement was drafted by Hennessee further supports Rogel's instant motion. (*See* Sentner Decl. Ex. A; Duvdevani Decl. Ex. A). Assuming *arguendo* that the arbitration provision is ambiguous, "that ambiguity must be construed against [Hennessee] as the drafter of the agreement." *Bell Atlantic Corp. v. CTC Communications Corp.*, No. 98-7163, 1998 U.S. App. LEXIS 20160, at *5-6 (2d Cir. July 2, 1998) (citing *Mastrobuono v. Shearson*

5

*Lehman Hutton*, 514 U.S. 52, (1995) ("[R]espondents cannot overcome the common-law rule of contract interpretation that a court should construe ambiguous language against the interest of the party that drafted it. . . . Respondents drafted an ambiguous document, and they cannot now claim the benefit of the doubt.").

    C.    <u>The Arbitration Provision Is Broad</u>

Finally, as explained in the Opening Brief, the language appearing in Section XIV is classically broad. *See, e.g., Mehler v. Terminix Int'l Co.*, 205 F.3d 44, 49 (2d Cir. 2000). A broad arbitration provision typically provides that all claims arising under the agreement are subject to arbitration. *See id.* (describing a clause that provided that "'any controversy or claim between [the parties] arising out of or relating to'" the Agreement" as "classically broad."); *Roby v. Corporation of Lloyd's*, 996 F.2d 1353, 1361 (2d Cir. 1993) (holding that in the context of interpreting arbitration clauses, the phrases "relating to," "in connection with" or "arising from" are considered substantially the same). Because the provision is broad, a "presumption of arbitrability arises," and Hennessee's claims - which all arise from the Agreement - must be dismissed. *Alemac Ins. Servs. v. Risk Transfer, Inc.*, 2003 U.S. Dist. LEXIS 26764 at *10 (holding that the pleadings of the court action fell within the broad arbitration provision of the parties' agreement).

## **CONCLUSION**

For the foregoing reasons, Richard Rogel respectfully requests that the action against him be dismissed in its entirety, or in the alternative, be stayed in favor of arbitration.

Dated: New York, New York
September 28, 2007

                    NIXON PEABODY LLP

                    By: _____/s/ Robert Sentner_____
                         Robert C. Sentner (RS 5223)
                         Tamar Y. Duvdevani (TD 7603)
                         Alison B. Cohen (AC 7702)

                    437 Madison Avenue
                    New York, New York  10022
                    Telephone: (212) 940-3000
                    Facsimile: (212) 940-3111

                    *Attorneys for Defendant Richard Rogel*