UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                    :
HENNESSEE GROUP LLC,                                :
                                                    :
                            Plaintiff,              :   Case No. 07 Civ. 7723 (SHS)
                                                    :
            - against -                             :   REPLY DECLARATION OF
                                                    :   TAMAR Y. DUVDEVANI
RICHARD ROGEL,                                      :
                                                    :
                            Defendant.              :
                                                    :
------------------------------------------------------------------x

## REPLY DECLARATION OF TAMAR DUVDEVANI IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR STAY THE COMPLAINT IN FAVOR OF ARBITRATION

TAMAR Y. DUVDEVANI declares under penalty of perjury that the following is true and correct:

1. I am an associate of Nixon Peabody LLP, attorneys for Defendant Richard Rogel ("Rogel"). I submit this Declaration in further support of Rogel's Motion to Dismiss the Complaint in Favor of Arbitration.

2. Annexed hereto as Exhibit A is the May 31, 2006 Memorandum of Law filed by Defendant Hennessee Group LLC ("Hennessee") in support of a motion filed by Hennessee in *South Cherry Street, LLC v. Hennessee Group LLC, Elizabeth Hennessee and Charles Gradante*, 06 Civ. 2943 (CM), to stay the proceeding and compel arbitration based upon an arbitration provision identical to the one at issue on this action.

      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

      Executed on this 28th day of September, 2007.

                                               /s/ Tamar Duvdevani
                                                Tamar Y. Duvdevani

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE BAYOU HEDGE FUND INVESTMENT : 06 MD 1755 (CM)
LITIGATION :

------------------------------------------------------------- X
THIS DOCUMENT RELATES TO:
------------------------------------------------------------- X

SOUTH CHERRY STREET, LLC,

   Plaintiff,

                No.: 06-cv-02943 (CM)

vs.

HENNESSEE GROUP LLC,       ORAL ARGUMENT REQUESTED
ELIZABETH LEE HENNESSEE and
CHARLES GRADANTE

                **Electronically Filed**

   Defendants.

---

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STAY THIS PROCEEDING
AND COMPEL ARBITRATION OF PLAINTIFF'S CLAIMS**

---

                BRESSLER, AMERY & ROSS
                17 State Street, 34th Floor
                New York, New York 10004
                (212) 425-9300
                Attorneys for Defendants
                Hennessee Group, LLC, Elizabeth Lee
                Hennessee and Charles Gradante

On the Brief: Lawrence E. Fenster (LF 9378)
        Matthew C. Plant (MP 0328)

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ...............................................................................................1

STATEMENT OF FACTS ........................................................................................................1

LEGAL ARGUMENT................................................................................................................3

POINT I
THE INVESTMENT ADVISORY AGREEMENT REQUIRES THAT
PLAINTIFF'S CLAIMS BE RESOLVED THROUGH ARBITRATION .....................3

A.  Plaintiff, A Non-Signatory To The Agreement,
    Is Nonetheless Bound By The Agreement Executed
    By Its Authorized Agent, Craig Bollman ............................................................3

B.  As Employees And Agents Of Hennessee Group,
    Charles Gradante And E. Lee Hennessee Are Covered Under The Agreement..................5

C.  The Arbitration Clause Contained Within The Agreement
    Is Governed By The Federal Arbitration Act .....................................................5

D.  Plaintiff's Claims Are Within The Scope Of
    The Arbitration Clause Contained Within The Agreement.................................6

POINT II
UPON SATISFYING ITSELF THAT THE CLAIMS ARE WITHIN
THE SCOPE OF THE AGREEMENT, THE COURT MUST STAY
THIS PROCEEDING PENDING RESOLUTION OF THE ARBITRATION...............8

CONCLUSION.........................................................................................................................10

## TABLE OF AUTHORITIES

**Page**

**CASES**

AT&T Tech., Inc. v. Communications Workers of America,
   475 U.S. 643, 650, 106 S. Ct. 1415, 1419, 89 L. Ed.2d 648 (1986)..........................7

Barbier v. Shearson Lehman Hutton, Inc.,
   948 F.2d 117 (2d Cir. 1991)......................................................................................6

Best Concrete Mix Corp. v. Lloyd's of London Underwriters,
   413 F. Supp.2d 182, 187 (E.D.N.Y. 2006) ..............................................................4

Chaitman v. Wolf, Haldenstein, Adler, Freeman & Hertz, LLP,
   No. 03 CI. 929, 2004 WL 2471372, *4 (S.D.N.Y. Nov. 3, 2004)............................5

Choctaw Generation Ltd. P'ship v. Am. Home Assurance Co.,
   271 F.3d 403, 404 (2d Cir. 2001)..............................................................................5

Congressional Securities, Inc. v. Fiserv Securities, Inc.,
   No. 02-Civ.6593 (JSM), 2003 WL 21664678 (S.D.N.Y. July15, 2003) ...................6

Dean Witter Reynolds, Inc., v. Byrd,
   470, U.S. 213, 218, 105 S. Ct. 1238, 1241, 84 L. Ed.2d 158 (1985)....................8, 9

Hickox v. Friedland,
   No. 01-Civ.2025, 2001 WL 1490696, *9 (S.D.N.Y. Nov. 21, 2001)........................4

Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,
   460 U.S. 1, 103 S.Ct. 927 (1983)..............................................................................7

Roby v. Corp. of Lloyd's,
   996 F.2d 1353, 1360 (2d. Cir. 1993).........................................................................5

Rodriguez de Quijas v. Shearson/Lehman Brothers,
   845 F.2d 1296 (5th Cir.) aff'd, 490 U.S. 477, 109 S. Ct. 1917, 104 L. Ed. 2d 526 (1989) ......8

S. A. Mineracao da Trindade-Samitri v. Utah Int'l. Inc.,
   75 F.2d 190, 194 (2d Cir. 1984).................................................................................7

Scher v. Bear Stearns & Co.,
   723 F. Supp. 211, 216-217 (S.D.N.Y. 1989) ............................................................5

Shearson/American Express, Inc. v. McMahon,
   482 U.S. 220, 107 S. Ct. 2332, 96 L. Ed.2d 526 (1989).......................................6, 8

Souter v. Tatro,
    No. 03-CV-6141 CJS, 2004 WL 1574562 (W.D.N.Y June 21, 2004) ........................6

Thomson-CSF v. American Arbitration Association,
    64 F.2d 773, 776 (2d Cir. 1995) ..................................................................................4

## STATUTES

9 U.S.C. § 1 ..............................................................................................................................5

9 U.S.C. § 2 ..............................................................................................................................6

9 U.S.C. § 3 .....................................................................................................................1, 8, 9

9 U.S.C. § 4 .....................................................................................................................1, 6, 7

## PRELIMINARY STATEMENT

Defendants Hennessee Group, LLC ("Hennessee Group"), Charles Gradante and E. Lee Hennessee (collectively referred to as "Defendants"), submit this brief in support of their Motion to Compel Arbitration, pursuant to Section 4 of the Federal Arbitration Act ("FAA"). See 9 U.S.C. § 4 (2005). Defendants further requests a stay of the claims against them pending completion of the arbitration pursuant to Section 3 of the FAA. See 9 U.S.C. § 3.

Defendant Hennessee Group and Craig Bollman ("Bollman") executed an Investment Advisory Agreement expressly mandating that any disputes between Bollman or any entity for which Bollman is authorized to "retain Hennessee and to make investments in hedge funds" be submitted to arbitration before the American Arbitration Association. Plaintiff South Cherry Street, LLC is one such entity in which Bollman was authorized to and did retain Hennessee Group for the purpose of investing in hedge funds. The claims that Plaintiff has asserted against Hennessee Group arise out of the Investment Advisory Agreement and are therefore subject to its terms, including the arbitration clause. Although Charles Gradante and Elizabeth Lee Hennessee are non-signatories to the Agreement, they are also entitled to compel arbitration of Plaintiff's claims against them in their individual capacity because they are employees and agents of Hennessee Group and the claims against them are intertwined with the Agreement. Accordingly, this Court should compel arbitration of Plaintiff's claims in a manner consistent with the terms of the Agreement and stay this proceeding pending resolution of the arbitration.

## STATEMENT OF FACTS

On or about August 4, 2001, Craig Bollman, the authorized "agent" of Plaintiff South Cherry Street ("Plaintiff"), and Hennessee Group entered into an Investment Advisory Agreement ("Agreement"). See ¶ 3 of the Declaration of Charles Gradante (the "Gradante Dec.") and the Agreement attached thereto as Exhibit A. Pursuant to the Agreement, Hennessee

Group agreed to provide hedge fund advisory services to Bollman "and all other entities, that may invest in hedge funds, for which Mr. Craig Bollman is authorized under the terms of any applicable plan, trust, partnership agreement or other governing instrument and by any applicable law to retain Hennessee and to make investments in hedge funds." See ¶ 4 of the Gradante Dec. and Exhibit A thereto.

The Agreement contains an arbitration clause:[1]

### SECTION XIV: ARBITRATION

> Any disputes arising under this Agreement or, with respect to its interpretation, shall be submitted to arbitration before a panel of three arbitrators selected under the Rules of the American Arbitration Association and such arbitration shall be conducted in accordance with the commercial arbitration rules of said Association. Each of the parties shall be entitled to select one arbitrator; those two arbitrators shall select the third arbitrator. The ruling of said panel shall be binding in all respects and judgment thereon may be entered in any court having jurisdiction. Nothing in this Agreement shall bind either party to submit any dispute to arbitration with respect to which such party is entitled to have litigated in a court of competent jurisdiction.

See ¶ 5 of the Gradante Dec. and Exhibit A thereto.

Upon execution of the Agreement, Hennessee Group began providing Plaintiff with hedge fund advisory services. See Compl. at ¶¶ 22-26. Among the hedge funds in which Plaintiff invested was the Bayou Accredited Fund, a hedge fund managed by Bayou Management, LLC ("Bayou") and Samuel Israel. Id at ¶¶ 7, 26. In July 2005, Bayou announced that it was closing its operations and returning investors' money. Id. at ¶ 36. Soon thereafter, it was discovered that Bayou had perpetrated a fraud and had no intention of returning investors'

---

[1] The Agreement also contains of choice of law provision which provides in Section XIII, in relevant part, that "[t]his Agreement will be governed by and construed in accordance with the laws of the State of New York without giving effect to any conflict or choice of law provisions of that State." See ¶ 6 of the Gradante Dec. and Exhibit A thereto.

792181_2                                     2

money. Id. at ¶ 36. Samuel Israel and his cohort, Daniel Marino, have since pled guilty to several criminal violations and are awaiting sentencing before this Court. Id. at ¶ 9.

On or about October 12, 2005, Plaintiff filed a Complaint against Defendants in the Southern District of New York, seeking to recover losses allegedly realized by Plaintiff in connection with its investment in the Bayou Accredited Fund. See generally Compl. Plaintiff seeks relief against Hennessee Group for breach of contract, breach of fiduciary duty and violation of Section 10b of the Securities and Exchange Act of 1934 and Rule 10b-5, promulgated thereunder. See Compl. at ¶¶ 44-54. Additionally, Plaintiff seeks relief against Charles Gradante and Elizabeth Lee Hennessee under Section 20 of the Securities and Exchange Act of 1934 for "control person" liability based on Hennessee Group's alleged violation of 10b and 10b-5. See Compl. at ¶ 54.

## LEGAL ARGUMENT

### I. THE INVESTMENT ADVISORY AGREEMENT REQUIRES THAT PLAINTIFF'S CLAIMS BE RESOLVED THROUGH ARBITRATION

Plaintiff's claims against Defendants fall squarely within the scope of the valid arbitration clause contained within the Agreement entered into between Bollman (on behalf of Plaintiff) and Hennessee Group. The claims against Charles Gradante and Elizabeth Lee Hennessee in their individual capacity are also within the purview of that Agreement. Accordingly, Plaintiff's claims against Defendants should be compelled to arbitration and this action should be stayed pending completion of said arbitration.

#### A. Plaintiff, A Non-Signatory To The Agreement, Is Nonetheless Bound By The Agreement Executed By Its Authorized Agent, Craig Bollman

As mentioned above, the Agreement provides that Bollman and "all other entities, that may invest in hedge funds, for which Mr. Bollman is authorized…to retain Hennessee and to

make investments in hedge funds" are bound by the Agreement. See Exhibit A to the Gradante Dec. Bollman engaged Hennessee Group for the purpose of providing hedge fund advisory services to Plaintiff. See Compl. at ¶¶ 12, 22. As Plaintiff's admitted authorized "agent," Plaintiff is bound by the express terms of the Agreement that Bollman signed on its behalf. See Id. at ¶ 12. Plaintiff's claim for breach of contract based on the Agreement further supports this conclusion. Id. at ¶¶ 44-46.

Furthermore, the Second Circuit has consistently held that non-signatories are bound by arbitration agreements under general principles of contract and agency law. See Thomson-CSF v. American Arbitration Association, 64 F.3d 773, 776 (2d Cir. 1995) (holding that a non-signatory is bound by an arbitration agreement under the following theories: Incorporation by reference, assumption, estoppel, agency and veil piercing/alter ego); see also Hickox v. Friedland, No. 01-Civ.2025, 2001 WL 1490696, *9 (S.D.N.Y. Nov. 21, 2001) (holding that a non-signatory was estopped from challenging the arbitration clause when he knowingly accepted the benefit of the agreement containing the arbitration clause); see also Best Concrete Mix Corp. v. Lloyd's of London Underwriters, 413 F. Supp.2d 182, 187 (E.D.N.Y. 2006) (non-signatory was bound by an arbitration clause under principles of estoppel where the non-signatory retained a direct benefit from the agreement containing the arbitration clause and, knowing of said clause, failed to object).

Plaintiff has retained (and continues to retain) a benefit from the Agreement because it has received investment advisory services from Hennessee Group and now seeks to hold Defendants accountable for Hennessee Group's alleged failure to fulfill its duties under the Agreement. Therefore, Plaintiff is estopped from challenging the enforceability of the arbitration clause. See Hickox, 2001 WL 1490696 at *9.

B.  **As Employees And Agents Of Hennessee Group, Charles Gradante And Elizabeth Lee Hennessee Are Covered Under The Agreement**

Charles Gradante and Elizabeth Lee Hennessee may also compel arbitration of the claims against them in their individual capacity. Indeed, a plaintiff-signatory is "estopped from avoiding arbitration with a [nonsignatory] when the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed." Chaitman v. Wolf, Haldenstein, Adler, Freeman & Hertz, LLP, No. 03 CI. 929, 2004 WL 2471372, *4 (S.D.N.Y. Nov. 3, 2004), quoting Choctaw Generation Ltd. P'ship v. Am. Home Assurance Co., 271 F.3d 403, 404 (2d. Cir. 2001); Roby v. Corp. of Lloyd's, 996 F.2d 1353, 1360 (2d.Cir. 1993) (holding that "employees or disclosed agents of an entity that is a party to an arbitration agreement are protected by that agreement"); Scher v. Bear Stearns & Co., 723 F. Supp. 211, 216-217 (S.D.N.Y. 1989) (holding that employee of brokerage firm was bound by an arbitration agreement entered into between the brokerage firm and its customer).

Plaintiff's claims against Charles Gradante and Elizabeth Lee Hennessee in their individual capacity are intertwined with the Agreement because they directly relate to the investment advisory services provided by Hennessee Group and there is no separation between the claims against each of the three named Defendants. Therefore, Charles Gradante and Elizabeth Lee Hennessee are covered under the Agreement and may compel arbitration of Plaintiff's claims.

C.  **The Arbitration Clause Contained Within The Agreement Is Governed By The Federal Arbitration Act**

The FAA governs the enforceability of the arbitration clause contained within the Agreement executed by the parties. See 9 U.S.C. § 1, *et. seq.* (2005). The FAA applies to all contracts evidencing a transaction involving commerce.

Section 2 of the FAA, provides in relevant part:

> A written provision in any maritime transaction or a contract evidencing a transaction **involving commerce** to settle by arbitration a controversy thereafter arising out of such contract or transaction...shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

See 9 U.S.C. § 2 (emphasis added).

The arbitration clause at issue is part of the Agreement wherein Hennessee Group agreed to provide hedge fund advisory services to Bollman and, in turn, to his principal, South Cherry Street. Indeed, the courts have held that disputes involving securities transactions constitute "transactions involving commerce" as envisioned by Section 2 of the FAA. See Barbier v. Shearson Lehman Hutton, Inc., 948 F.2d 117 (2d Cir. 1991) (holding that securities transactions involve "commerce" and are controlled by the FAA); Congressional Securities, Inc. v. Fiserv Securities, Inc., No. 02 Civ. 6593(JSM), 2003 WL 21664678 (S.D.N.Y. July 15, 2003) (holding the same); Souter v. Tatro, No. 03-CV-6141 CJS, 2004 WL 1574562 (W.D.N.Y June 21, 2004) (holding the same); see also Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 237 107 S.Ct. 2332, 2343, 96 L.Ed.2d 185 (1987) (holding that 10b-5 claims by their very nature require a "transaction involving commerce" and are subject to the FAA). Therefore, the FAA is controlling of the arbitration clause between the parties.

### D. Plaintiff's Claims Are Within The Scope Of The Arbitration Clause Contained Within The Agreement

Section 4 of the FAA, authorizes the district court to order a recalcitrant party to arbitrate a controversy pursuant to the terms of a written arbitration agreement. The statute provides, in relevant part:

> A party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would

792181_2                                6

> have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

See 9 U.S.C. § 4.

The FAA reflects the strong public policy favoring arbitration of disputes – a policy that requires that any doubt be resolved in favor of arbitration. The United States Supreme Court stated in Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 103 S.Ct. 927 (1983):

> The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay or a like defense to arbitrability.

Moses H. Cone, 460 U.S. at 25-26, 103 S.Ct. at 941; AT&T Tech., Inc. v. Communications Workers of America, 475 U.S. 643, 650, 106 S. Ct. 1415, 1419, 89 L. Ed.2d 648 (1986) (holding that an arbitration clause should be enforced unless it can be said with positive assurance that the dispute is not covered by the agreement); S.A. Mineracao da Trindade-Samitri v. Utah Int'l, Inc., 745 F.2d 190, 194 (2d Cir. 1984) (holding that "arbitration should be ordered 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute'").

In the instant matter, the Agreement requires that Plaintiff arbitrate "[a]ny disputes arising under this Agreement or, with respect to its interpretation." See Exhibit A (Sect. XIV) to the Gradante Dec. There is no doubt that the claims alleged in the Complaint against Defendants fall within the scope of the Agreement. The Complaint alleges, *inter alia*, that Hennessee Group advised Plaintiff to invest in the Bayou Accredited Fund. Plaintiff contends that in rendering this investment advice, Defendants perpetrated a fraud, breached its fiduciary duty to Plaintiff and

breached its contract with Plaintiff, *i.e.*, the Agreement. All such claims arise "under" the Agreement and are therefore subject to arbitration.

Furthermore, the Supreme Court has emphasized its preference for arbitration in the context of securities disputes. See Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 226, 107 S. Ct. 2332, 96 L. Ed.2d 185 (1987) (holding that "the [Federal] Arbitration Act establishes a 'federal policy favoring arbitration'" and that said policy applies to securities disputes); Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218, 105 S. Ct. 1238, 1241, 84 L. Ed.2d 158 (1985) (holding the "Arbitration Act requires district courts to compel arbitration of pendent arbitration claims ... even where the result would be ... inefficient maintenance of separate proceedings in different forums"); Rodriguez de Quijas v. Shearson/Lehman Brothers, 845 F.2d 1296 (5th Cir.) aff'd 490 U.S. 477, 109 S. Ct. 1917, 104 L. Ed. 2d 526 (1989) (Court affirmed the 5th Circuit's reversal of a lower court's ruling, denying arbitration of claims brought under the Securities and Exchange Act of 1933).

Under this legal framework, the Agreement's arbitration clause constitutes a valid and enforceable agreement to arbitrate, requiring Plaintiff to resolve its dispute with Defendants through arbitration. Accordingly, Defendants request that the Court enter an order compelling Plaintiff to arbitration.

## II. UPON SATISFYING ITSELF THAT THE CLAIMS ARE WITHIN THE SCOPE OF THE AGREEMENT, THE COURT MUST STAY THIS PROCEEDING PENDING RESOLUTION OF THE ARBITRATION

Since Plaintiff's claims against Defendants are arbitrable, Section 3 of the FAA, requires this Court to stay this proceeding and order Plaintiffs' claims to arbitration. Section 3 of the FAA provides, in relevant part that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an

> agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement...

See 9 U.S.C. § 3.

This section is mandatory, rather than permissive. The court need only satisfy itself that "the issue involved in such suit or proceeding is referable to arbitration under such an agreement." Id. Once that determination has been made, the court is required to compel arbitration and stay the action. Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985) (holding that the FAA mandates that the district courts "shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed").

Accordingly, because the causes of action against Defendants are within the scope of the arbitration clause contained within the Agreement, this Court must compel Plaintiff's claims to arbitration and stay this action pending resolution of the arbitration.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court stay all proceedings against Defendants and compel Plaintiff to arbitration in a manner consistent with the Agreement.

Dated: May 31, 2006

                                          Respectfully submitted,

                                          By: _____
                                               Lawrence E. Fenster (LF 9378)
                                               Matthew C. Plant (MP 0328)
                                               BRESSLER, AMERY & ROSS
                                               17 State Street, 34th Floor
                                               New York, New York 10004
                                               (212) 425-9300
                                               (212) 425-9337
                                               lfenster@bressler.com
                                               Attorney for Defendants
                                               Hennessee Group, LLC,
                                               Elizabeth Lee Hennessee and
                                               Charles Gradante

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2006, a copy of the *Brief in Support of Defendants' Motion to Stay This Proceeding And Compel Arbitration of Plaintiff's Claims* was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
Matthew C. Plant (MP 0328)